IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

                Plaintiff,           OPINION AND ORDER

   v.

                                                      09-cv-437-wmc[1]

PETER HUIBREGTSE (Warden); MONICA
HORNER (Security Director); Mrs. JUDITH
HUIBREGTSE (Sgt. Mail Room); Capt. BOISE;
Lt. TOM; Ms. CHRISTINE BEERKIRCHER;
C.O. SCULLION; MARY MILLER (HSU);
Captain DYLAN RADTKE; Warden GREG
GRAMS; Security Director JANEL NICKEL;
Assist. Warden MARC CLEMENTS;
Lieutenant D. LIPINSKI; ICE MARY LEISER;
Sergeant KOTTA; Captain CANFEILD;
M.D. BURTON COX JR.; Assist Warden GARY
BOUGHTON; Sergeant SICKENGER;
R.N. JOLINDA WATERMAN; Captain MASON;
ICE KELLY TRUMM; Sergeant CARPENTER;
ICE ELLEN K. RAY; C.O. TAYLOR; Capt. SHARPE;
C.O. MULLUSK; C.O. FREDRICK; C.O. GABENGER;
C.O. COKROFT; R.N. DARREN FOSTER;
C.O. BRINKMEN; C.O. JONES; R.N. MARIAN
HARTMAN; C.O. PEAK; C.O. FINNELL;
C.O. BELZ Sr.; Sgt. BLOYER; C.O. LEFTLER;
C.O. BELZ Jr.; R.N. DEBORAH CAMPELL; and
WDOC Secretary RICK RAEMISCH,

                Defendants.

---

JACKIE CARTER,

                Plaintiff,           OPINION AND ORDER

   v.

                                                      10-cv-181-wmc

DYLAN RADTKE, GREGORY GRAMS, RICK
RAEMISCH, LORI ALSUM, DR. DALIA SULIENE,

---

[1] Case no. 09-cv-437 was reassigned to Judge William M. Conley pursuant to a March 31, 2010 administrative order.

STEVE HELGERSON, DARCI BURRESON, PAUL
KETARKUS, JANEL NICKEL, MARY LIESER and
DAVID LIPINSKI,

                Defendants.

Twice previously, the court has dismissed plaintiff Jackie Carter's proposed complaints in case no. 09-cv-437 because his vague claims failed to satisfy even the lenient standards of Fed. R. Civ. P. 8 and 20. Because Carter has struck out under 28 U.S.C. § 1915(g), he is also disqualified from proceeding *in forma pauperis* on claims other than those containing allegations that he is in imminent danger of serious physical harm. Carter was given a final opportunity to amend his complaint to more clearly state his claims and explain how they qualify under the imminent danger exception to § 1915(g).

PROCEDURAL MATTERS

Carter has now submitted two proposed amended complaints. The first, filed on April 2, 2010, was inadvertently filed as an original complaint in a new case, 10-cv-181, and has since been properly filed in case no. 09-cv-437 as a proposed amended complaint, dkt. #22.[2] On May 18, 2010, Carter filed another proposed amended complaint in case no. 09-cv-437, stating "2nd time sent to your court. 1st one defendants took from the mail," dkt. #26. Since then, Carter has submitted several letters inquiring about the status of his complaint, reiterating his claims and stating that his outgoing complaints have been withheld by defendants.

As noted, and contrary to Carter's suspicions, the Court has received both of his proposed amended complaints, and but for being misfiled, neither appears to have been tampered with,

---

[2] The clerk of court will be directed to close case no. 10-cv-181 and Carter will not owe the filing fee for that action.

nor do the submissions attached. To prevent this filing error in the future, the court reminds Carter to docket his submissions properly by indicating in which case each submission is meant to be filed by *writing the case number on the document*. Because the second of these proposed amended complaints contains the same allegations as the first but goes into more detail, the Court will disregard the first proposed amended complaint and proceed with the second.

## ALLEGATIONS OF FACT

In his proposed amended complaint, Carter alleges and the court assumes for purposes of this order the following facts:

Plaintiff Jackie Carter is an inmate at the Columbia Correctional Institution, located in Portage, Wisconsin. Most of the defendants are employed at the Columbia Correctional institution; Dylan Radtke is a unit manager and hearing officer; Gregory Grams is the warden; Lori Alsum is the health services manager; Dalia Suliene is a doctor; Steve Helgerson, Darci Burrenson and Paul Ketarkus are nurses; Anthony Ashworth is a corrections officer and complaint investigator; Mary Lieser is a "complaint investigator-advocate"; David Lipinski is a complaint investigator; Janel Nickel is the security director; and Lt. Lane does "whatever is needed for [the] warden." Defendant Rick Raemisch is the secretary of the Department of Corrections. James Greer is the director of the DOC Bureau of Health Services.

Carter suffers from foot and ankle ailments as well as constant rectal bleeding. Because of the former ailments, medical staff exempted him from wearing ill-fitting state-issued shoes and authorized him to have his family obtain special shoes recommended by University of Wisconsin Hospital doctors. (It is unclear whether the shoes themselves are medically necessary or whether Carter just needs shoes of a particular fit in order to accommodate orthopedic devices.) When

his family sent him the shoes as directed by medical staff, Radtke intercepted them and returned them without Carter's permission. Radtke told Carter that his intent was to leave him suffering barefoot. Without shoes, Carter missed an appointment at the UW Hospital for his rectal bleeding.

In an effort to cover up the confiscation of the shoes, Radtke and Lipinski went to Carter's cell and tossed him a pair of "unisexed ill-fitting cast cover boot/shoe looking things." When Carter said that they did not fit, Radtke told him that he had "better not be caught without them ill-fitting things or it'll be hell to pay."

Dr. Suliene refuses to see Carter for his ailments. In addition, after Carter reported her for misconduct, she reduced his pain medication. Carter has informed Raemisch and Greer about these events, but they have done nothing. Grams, Nickel, Alsum, Burrenson and Helgerson all know about Carter's problems but they have not interceded. Instead, they each lied and helped Lieser and Lipinski "cover up" their actions and his suffering." Carter alleges defendants' actions stem from his history of reporting employee misconduct at Wisconsin prisons.

Carter remains in severe pain from his rectal bleeding, ankle and foot ailments and from having to go barefoot due to a lack of properly fitting shoes.

OPINION

**I. Imminent Danger**

Subsection (g) of the *in forma pauperis* statute, 28 U.S.C. § 1915, reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

>is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Carter was denied leave to proceed *in forma pauperis* in lawsuits that were legally frivolous. *Carter v. Frank*, 07-cv-713-bbc (W.D. Wis. June 4, 2008); *Carter v. Raemisch*, 09-cv-75-wcg (E.D. Wis. Mar. 3, 2009); and *Carter v. Huibregtse*, 09-427-bbc (W.D. Wis. Mar. 3, 2010). Therefore, under § 1915(g), Carter may proceed *in forma pauperis* only on claims alleging that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of § 1915(g), the threat or prison condition must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice. The harm must be imminent or occurring at the time the court considers his request for leave to proceed *in forma pauperis*. *See id.* (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). It is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury" under § 1915(g). *See Ciarpaglini*, 352 F.3d at 331.

In his complaint, Carter alleges that he suffers from foot and ankle pain but has not been allowed to obtain special shoes recommended by medical staff. In addition, he suffers from constant rectal bleeding, but has not been receiving treatment for this condition, apparently because of his unaddressed shoe needs. Finally, he has had his pain medications reduced, leaving him in constant severe pain.

If true, these allegations qualify under the imminent danger standard. Therefore, Carter need not pay the full $350 filing fee in order to proceed with the case. All that is necessary is that he pay an initial partial payment of the fee calculated from his trust fund account information, which he has done.

**II. Screening**

The next step is determining whether Carter's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Over the last two years, Carter has filed numerous complaints in this court and has had difficulty drafting his complaints with enough clarity and detail to give the defendants proper notice of his claims. As the court explained concerning Carter's previous complaint in this action:

> As is the case with many of plaintiff's filings in his several cases currently before the court, plaintiff's amended complaint contains extremely vague claims that staff at the Colombia Correctional Institution and Wisconsin Secure Program Facility "abused" him and "subjected him to torture," but he does not provide the names of the individual defendants who abused him or explain what these defendants actually did to abuse him. Also, plaintiff gives the names of officials who "allowed" staff to abuse him but provides very little explanation about how each of these officials knew about plaintiff's abuse and failed to act.
> As [the court has] previously explained to plaintiff, under Fed. R. Civ. P. 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the "notice pleading" of Rule 8 does not require "detailed factual allegations" supporting each element of a claim, it is not enough for a pleader to make "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The pleader must provide specific allegations that, if true, make plaintiff's claim for relief more than speculative, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Dkt. #18.

**A. General Inadequacy of the Pleadings Against Certain Defendants**

Carter has made strides with his current complaint. He has stated several claims with

sufficient detail and those allegations will be discussed below.  There are parts of his complaint, however, that continue to be vague and unclear.  For instance, Carter alleges that the defendants "all retaliated" against him; that numerous defendants "lied" and helped Lieser and Lipinski "cover up this crime and [his] suffering"; and that Radtke, with Grams' and Nickel's assistance, "allowed [him] to be tortured in solitary confinement."  These conclusory allegations will be disregarded because they fail to give defendants proper notice of his claims.

Specifically, because the only allegations against Lieser are vague and conclusory, she will be dismissed from the case.  Because Carter does not include allegations against defendants Ketarkus, Ashworth and Lane, they will be dismissed from the case.

### B.  Deliberate Indifference

Carter claims that the defendants were generally, deliberately indifferent to his serious medical needs.  Prison officials have a duty under the Eighth Amendment to provide medical care to those being punished by incarceration.  *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need.  *Estelle*, 429 U.S. at 104; *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is withheld, *Gutierrez*, 111 F.3d at 1371-73, "significantly affects an individual's daily activities," *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998), causes pain, *Cooper v. Casey*, 97 F.3d 914, 916-17 (7th Cir. 1996), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer*

*v. Brennan*, 511 U.S. 825, 847 (1994). "Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Under this standard, Carter's deliberate indifference claims are screened for three, essential elements:

>   (1) Did plaintiff need medical treatment?
>
>   (2) Did defendant know that plaintiff needed treatment?
>
>   (3) Despite defendant's awareness of the need, did defendant fail to take reasonable measures to provide the necessary treatment?

*Almond v. Doyle*, No. 09-cv-335-bbc, 2010 WL 342556, at *3 (W.D. Wis Jan. 26, 2010).

Carter alleges that he is in severe pain from ankle and foot ailments and prison medical staff authorized him to receive medically recommended shoes to treat these problems. He further alleges that Radtke intercepted the shoes, and that Radtke and Lipinski tried to cover this up by giving him an ill-fitting alternative. Also, Carter alleges that Suliene (1) refuses to see him for his foot and ankle ailments, as well as his rectal bleeding, and (2) reduced his pain medication because he reported her alleged misconduct, rather than for medical reasons. Finally, Carter alleges that Alsum, Burrenson and Helgerson (all medical staff at the prison), as well as Grams, Raemisch, Greer and Nickel (higher ranking prison and DOC officials) were aware of plaintiff's ailments but did nothing to help him receive treatment.

Carter has certainly alleged enough facts to infer that he has serious medical needs. He has also alleged sufficient facts to infer Radtke, Lipinski, Suliene, Alsum, Burrenson and Helgerson were aware of his needed treatment and that they failed to provide, or blocked him from getting, the proper treatment. Therefore, Carter has stated deliberate indifference claims against these defendants.

As for defendants Grams, Raemisch, Greer and Nickel, these higher level officials are entitled to delegate the medical treatment of prisoners to medical staff because of their expertise, which means that their failure to intervene in Suliene's treatment decisions does not violate the Eighth Amendment. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This same standard does not apply to deference Grams, Raemisch, Greer and Nickel allegedly paid non-medical personnel Radtke and Lipinski, so (at least at this stage) Carter states a claim against them for allegedly ignoring Radtke and Lipinski's decision to withhold Carter's shoes. Carter should be aware, however, that at summary judgment or trial he will have to provide much more detail about how he contacted these supervisory defendants, how they responded and how their job responsibilities make them liable for his alleged mistreatment. *Id.* ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.")

**B. Retaliation**

To state a claim for retaliation, a plaintiff must: (1) identify a constitutionally protected activity in which he was engaged; (2) identify one or more retaliatory actions taken by defendant that would likely deter a person of "ordinary firmness" from engaging in the protected activity in the future; and (3) allege sufficient facts that would make it plausible to infer that plaintiff's protected activity was a motivating factor in defendant's decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 555-56 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

Carter alleges that Radtke intercepted his shoes because he had previously reported alleged misconduct by Radtke and his subordinates. Also, he alleges that Suliene reduced his pain medication after he reported her alleged misconduct. Based on these allegations, Carter has

9

stated the basic elements of a retaliation claim against Radtke and Suliene.

### III. Preliminary Injunctive Relief

As part of his requested relief, Carter seeks a preliminary injunction (1) allowing him to receive the shoes he has been authorized to have; and (2) ordering further treatment for his rectal bleeding and other pain that is not currently being treated. Usually, the court's policy is to brief a plaintiff's motion for preliminary injunctive relief. Given Carter's difficulties in preparing clear and specific filings, however, the court will first hold a telephone conference with the parties to ascertain the current status of plaintiff's treatment and discuss how best to proceed. The date and time for the telephone conference will be set following acceptance of service by defendants.

## ORDER

IT IS ORDERED that:

(1) Plaintiff Jackie Carter request to proceed on the following claims is GRANTED:

• Defendants Dylan Radtke, David Lipinski, Lori Alsum, Steve Helgerson, Darci Burrenson, Rick Raemisch, Gregory Grams, James Greer and Janel Nickel were deliberately indifferent to his serious medical needs concerning his medically authorized shoes.

• Defendants Dalia Suliene, Alsum, Burrenson and Helgerson were deliberately indifferent to his serious medical needs concerning his rectal bleeding and other severe pain.

(2) Plaintiff's request to proceed on the following claims is DENIED:

• Defendants Raemisch, Grams, Greer and Nickel were deliberately indifferent to his serious medical needs concerning his rectal bleeding and other severe pain.

• Any claims against defendants Paul Ketarkus, Anthony Ashworth, Mary Lieser and Lt. Lane. These defendants are DISMISSED from the lawsuit.

(3) The caption will be amended to include only those defendants against whom plaintiff is proceeding pursuant to this order. To the extent the current caption includes defendants not mentioned in plaintiff's amended complaint, those defendants are DISMISSED from the case.

(4) For the remainder of this lawsuit, plaintiff must send defendants a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or to defendants' attorney.

(5) Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

(6) Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at his institution of that institution's obligation to deduct payments until the filing fee has been paid in full.

(7) Under an informal service agreement between the Attorney General and this court, copies of plaintiff's amended complaint and this order are being sent today to the Attorney General for service on the state defendants. Although it is usual for defendants to have 40 days under this agreement to file an answer, in light of the urgency of plaintiff's allegations, it is expected that every effort will be made to accept service and file the answer in advance of that deadline.

(8) Once defendants have accepted service of the complaint, the court will schedule a telephone conference to discuss how to proceed with plaintiff's motion for preliminary injunctive relief.

(9) The clerk of court is directed to close case no. 10-cv-181, and plaintiff will not owe the filing fee for that action.

Entered this 13th day of October 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge